1  AZADIAN LAW GROUP, PC
   GEORGE S. AZADIAN (SBN 253342)
2  ANI AZADIAN (SBN 284007)
   707 Foothill Blvd., Suite 200
3  La Canada Flintridge, California 91011
   Ph:    (626) 449-4944
4  Fax:   (626) 628-1722
   Email: George@azadianlawgroup.com
5
   Attorneys for Plaintiff,
6  JOSHUA MYRA and the Proposed Classes

7                **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9  JOSHUA MYRA, an individual on        CASE NO. 2:22-CV-00223
10 behalf of himself and all others
   similarly situated,                   **CLASS ACTION**
11
                                         **PLAINTIFF'S CLASS ACTION**
12                                       **COMPLAINT FOR:**
                            Plaintiff,
13                                       1. **VIOLATIONS OF THE FAIR**
                                            **CREDIT REPORTING ACT OF**
14        v.                                **1970, AS AMENDED, 15 U.S.C. §**
                                            **1681 ET SEQ.**
15                                       2. **VIOLATIONS OF THE**
16 TEMPUR SEALY                             **INVESTIGATIVE CONSUMER**
   INTERNATIONAL, INC., a                   **REPORTING AGENCIES ACT,**
17 Delaware corporation,                    **CALIFORNIA CIVIL CODE §**
                                            **1786 ET SEQ.**
18                          Defendant.   3. **VIOLATIONS OF THE**
19                                          **CONSUMER CREDIT**
                                            **REPORTING AGENCIES ACT,**
20                                          **CALIFORNIA CIVIL CODE §**
                                            **1785 ET SEQ.**
21                                       4. **VIOLATION OF THE UNFAIR**
22                                          **COMPETITION LAW,**
                                            **CALIFORNIA BUSINESS &**
23                                          **PROFESSIONS CODE § 17200**
24                                          **ET SEQ.**
25
26                                       JURY TRIAL DEMANDED
27

28

                 **PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff Joshua Myra ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, based upon facts which either have evidentiary support, or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## INTRODUCTION & NATURE OF ACTION

1.     This class action arises from the acquisition and use of consumer and/or investigative consumer reports (referred to collectively as "background reports") by Tempur Sealy International, Inc., a Delaware corporation ("Defendant") to conduct background checks on Plaintiff and other prospective, current, and former employees.

2.     Defendant routinely obtains and uses information from background reports in connection with their hiring processes without complying with state and federal mandates for doing so.  As part of this practice, Defendant provides a requisite disclosure form to applicants.  However, the disclosure form that Defendant provided to Plaintiff and each class member as part of its hiring process is noncompliant with federal and state statutes.

3.     Plaintiff, individually and on behalf of all other members of the public similarly situated, seeks statutory, compensatory and punitive damages due to Defendant's willful or grossly negligent conduct and its systematic and willful violation of, *inter alia*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786 et seq., Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785 et seq., and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.

4.     Defendant has violated the requirements under these statutes by failing to provide proper "pre-authorization" disclosures.  The procurement of background reports for employment purposes is subject to strict disclosure

-1-

requirements under federal law pursuant to the FCRA and under California law pursuant to the ICRAA and CCRAA.  Among other things, an employer may not procure a background report concerning a job applicant unless a "clear and conspicuous" disclosure is made in a stand-alone document that "consists solely of the disclosure" informing the applicant that a report may be obtained for employment purposes.

5.      The reason for requiring that the disclosure be in a stand-alone document, according to the Federal Trade Commission ("FTC"), is to prevent consumers from being distracted by other information that is side-by-side within the disclosure.  See Leathers, FTC Informal Staff Opinion Letter, Sept. 9, 1998, available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leathers-09-09-98 (last accessed March 13, 2019).  The FCRA seeks to protect important privacy rights and to ensure that consumers receive adequate disclosure and provide adequate authorization for background checks.  A stand-alone disclosure form is essential to achieving that goal.

6.      15 U.S.C. § 1681b(b)(2)(A)(i) provides that an employer "may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless –

> (i)    a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, **in a document that consists solely of the disclosure**, that a consumer report may be obtained for employment purposes; and
>
> (ii)   the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person."  (Emphasis added.)

7.      Defendant violated these sections when it did not provide Plaintiff

and other putative class members with a clear and conspicuous disclosure in writing in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

8.    Instead of abiding by the law, Defendant's preauthorization is embedded in a host of other unrelated authorizations, disclosures, and disclaimers, including (but not limited to):

a. "I certify that the answers given to the questions and the statements made (including statements on the attached resume, and inserted forms if any) on this application and in the hiring process are true. I understand that a false statement, a false answer, an omission or a misleading statement may result in a decision not to hire me, the withdrawal of any offer of employment, or the termination of my employment with TEMPUR SEALY INTERNATIONAL regardless of when such false, misleading, or erroneous information is discovered."

b. "I understand that if hired, unless I am employed under a specific written contract or collective bargaining agreement, my employment with TEMPUR SEALY INTERNATIONAL will be 'at will' and that my employment may be terminated at any time with or without cause and with or without notice. I understand that no representative of the Company has any authority to make any assurances, representations or promises contrary to the 'at-will' nature of my employment unless it is in writing signed by an authorized officer of TEMPUR SEALY INTERNATIONAL. I understand that I may terminate my employment with or without cause and with or without notice at any time. I further agree that TEMPUR SEALY INTERNATIONAL reserves the right to make unilateral changes to the terms and conditions of my employment."

c. "I authorize TEMPUR SEALY INTERNATIONAL or its agents to

**PLAINTIFF'S CLASS ACTION COMPLAINT**

investigate my references and communicate with my former employers concerning my employment unless specifically stated otherwise in this application. I authorize all individuals, schools, and employers named, and all financial institutions, law enforcement agencies, and all persons except as specifically limited on this application to provide information requested about me, and I promise I will not bring any legal claims or actions against my current or former employers due to their responses to any job reference request."

d. "I further understand that the completion of an application with TEMPUR SEALY INTERNATIONAL is a preliminary step to employment. It does not obligate TEMPUR SEALY INTERNATIONAL to offer employment to me, or for me to accept employment."

e. The disclosures related to applicants in different states.

(Defendant's Preauthorization for Background Check provided to Plaintiff is attached as **Exhibit 1**.)

9.    The Ninth Circuit has repeatedly held that failure to provide a clear and conspicuous disclosure consisting **solely** of the disclosure that a consumer report may be obtained for employment purposes is a clear violation of the FCRA.  See e.g., Syed v. M-I, Ltd. Liab. Co., 853 F.3d 492, 504 (9th Cir. 2017) (Employer violated FCRA when it procured a job applicant's consumer report after including a liability waiver in the same document as the statutorily mandated disclosure.  Given the clear statutory language that the disclosure document had to consist "solely" of the disclosure, the employer's violation of the FCRA was willful as a matter of law), Gilberg v. Cal. Check Cashing Stores, Ltd. Liab. Co., 913 F.3d 1169, 1176 (9th Cir. 2019) (An employer violated the standalone requirement of the FCRA and state law because under Syed, the standalone requirement foreclosed implicit exceptions, and the employer's disclosure

-4-

contained extraneous and irrelevant information beyond what FCRA itself required, particularly as much of the surplusage in the employer's disclosure form did not effectuate the purposes of FCRA and the presence of the extraneous information was as likely to confuse as it was to inform).

10.     Based on the foregoing, Plaintiff asserts the claims enumerated below against Defendant on behalf of himself and a class of Defendant's employees and prospective employees.

## JURISDICTION AND VENUE

11.     The FCRA, codified as 15 U.S.C. § 1681 et seq., authorizes Court actions by private parties to recover damages for failure to comply with its provisions.  Jurisdiction over Plaintiff's FCRA claims is based upon 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

12.     Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because the state claims are so related to the FCRA claims that they form part of the same case or controversy.

13.     Moreover, jurisdiction over Plaintiff's state law claims is based upon the Class Action Fairness Act of 2005, codified as 28 U.S.C. § 1332(d)(2)(A), because the amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs, and because at least one member of the proposed class is a citizen of a different state than Defendant, and the number of proposed class members exceeds 100.

14.     Venue lies within this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) because Defendant transacts business in this judicial district and certain acts giving rise to the claims asserted in this Complaint occurred within the District. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because this District is a District in which a substantial part of the events or omissions giving rise to the claim occurred. Specifically, Plaintiff

-5-

completed Defendant's employment application process in the County of Los
Angeles.

## PARTIES

15.    Plaintiff is a resident of North Hollywood, California in Los Angeles
County.

16.    Defendant is a Delaware Corporation with its principal place of
business located at 1000 Tempur Way, Lexington, KY 40511.

## FACTUAL ALLEGATIONS

17.    Plaintiff applied for a job with Defendant in approximately
December of 2020.

18.    In connection with his employment application, Plaintiff completed
Defendant's standard application materials, which, on information and belief,
were used regularly by Defendant for all job applicants during the relevant time
period in the connection with their employment policies, procedures, and/or
practices.

19.    As part of the application process, Defendant obtained Plaintiff's
authorization to submit to a pre-employment background check.  In evaluating
him for employment, Defendant procured or caused to be prepared a background
report (i.e., a consumer report and/or investigative consumer report, as defined by
15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e), a consumer credit report,
as defined by Cal. Civ. Code Section 1785.3(c), and an investigative consumer
report, as defined by Cal. Civ. Code Section 1786.2(c)).

20.    Plaintiff is informed and believes that Defendant routinely conducts
background checks on its job applicants as part of a standard screening process.
Defendant also conducts background checks on existing employees from time-to-
time.

21.    Defendant's authorization is embedded with a host of other unrelated

-6-

1    authorizations, disclosures, and disclaimers.

2        22.    Plaintiff was confused by the authorization form due to its inclusion

3    of so much other information.  Plaintiff would not have signed the authorization

4    for the consumer report if Plaintiff was provided with a document that consists

5    solely of the disclosure.

6        23.    Under the FCRA, it is unlawful to procure or cause to be procured, a

7    consumer report[1] or investigative consumer report[2] for employment purposes,

8    unless a "clear and conspicuous" disclosure is made in a document that consists

9    "solely of the disclosure" and the consumer has authorized in writing the

10    procurement of the report.  15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).

11        24.    Although the disclosure and the authorization may be combined in a

12    single document, the FTC has warned that the form should not include any

13    extraneous information. For example, a 1998 opinion letter from the FTC states:

14    "Section 604(b)(2)(A) of the FCRA [15 U.S.C. § 1681b(b)(2)(A) requires that the

15    consumer disclosure be] . . . in a document that consists solely of the disclosure."

16    See Coffey, FTC Informal Staff Opinion Letter, Feb. 11, 1998, available at

17    https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-coffey-02-11-98

18    (last accessed Sep. 30, 2020).

19        25.    In response to an inquiry as to whether the disclosure may be clearly

20    set forth within an application for employment or whether it must truly be

21    included in a separate document, the FTC responded in another 1998 opinion

---

[1]    Section 1681a(d)(1)(B) of the FCRA defines "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes."

[2]    Section 1681a(e) of the FCRA defines "investigative consumer report" as "a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom  he is acquainted or who may have knowledge concerning any such items of information."

letter that, "[t]he disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A)] is intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side with the disclosure. See Leathers, FTC Informal Staff Opinion Letter, Sept. 9, 1998, available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leathers-09-09-98 (last accessed Sep. 30, 2020).

26.     Defendant violated the FCRA by including a host of other unrelated authorizations, disclosures, and disclaimer, including (but not limited to):

a. "I certify that the answers given to the questions and the statements made (including statements on the attached resume, and inserted forms if any) on this application and in the hiring process are true. I understand that a false statement, a false answer, an omission or a misleading statement may result in a decision not to hire me, the withdrawal of any offer of employment, or the termination of my employment with TEMPUR SEALY INTERNATIONAL regardless of when such false, misleading, or erroneous information is discovered."

b. "I understand that if hired, unless I am employed under a specific written contract or collective bargaining agreement, my employment with TEMPUR SEALY INTERNATIONAL will be 'at will' and that my employment may be terminated at any time with or without cause and with or without notice. I understand that no representative of the Company has any authority to make any assurances, representations or promises contrary to the 'at-will' nature of my employment unless it is in writing signed by an authorized officer of TEMPUR SEALY INTERNATIONAL. I understand that I may terminate my employment with or without cause and with or

-8-

without notice at any time. I further agree that TEMPUR SEALY INTERNATIONAL reserves the right to make unilateral changes to the terms and conditions of my employment."

c. "I authorize TEMPUR SEALY INTERNATIONAL or its agents to investigate my references and communicate with my former employers concerning my employment unless specifically stated otherwise in this application. I authorize all individuals, schools, and employers named, and all financial institutions, law enforcement agencies, and all persons except as specifically limited on this application to provide information requested about me, and I promise I will not bring any legal claims or actions against my current or former employers due to their responses to any job reference request."

d. "I further understand that the completion of an application with TEMPUR SEALY INTERNATIONAL is a preliminary step to employment. It does not obligate TEMPUR SEALY INTERNATIONAL to offer employment to me, or for me to accept employment."

e. The disclosures related to applicants in different states.

27.    Defendant's Authorization form also violates Cal. Civ. Code Sections 1785.20.5(a) and 1786.16(b) because it contains extraneous provisions, including an "evergreen consent" provision that is in defiance of the requirement that Defendant provide Plaintiff and class members with written disclosures and obtain written authorization each time an investigative consumer report is sought; fails to identify a specific basis for requesting a consumer credit report under Cal. Labor Code Section 1024.5; and did not adequately inform Plaintiff and the class that they may request a copy of a consumer credit report.

## CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this lawsuit as a class action on behalf of himself and

-9-

all others similarly situated as members of the proposed class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1), (b)(2), and/or (b)(3).

29.    Plaintiff asserts his claims on behalf of himself and the putative class defined as follows:

**FCRA Class: All natural persons residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report that was procured by Defendant (or that Defendant caused to be procured) within five years of the filing of this Complaint through the date of final judgment in this action under FCRA.**

30.    Plaintiff also asserts his claims on behalf of himself and the following putative subclasses defined as follows:

**ICRAA Subclass: All members of the FCRA Class who reside in California.**

**CCRAA Subclass: All persons residing in California, who applied for an employment position with Defendant and executed an authorization form related to a consumer report within seven years prior to the filing of this complaint until the date of trial.**

**UCL Subclass: All members of the FCRA Class who reside in California and applied for an employment position with Defendant within four years prior to the filing of this complaint.**

31.    Plaintiff reserves the right to amend the definition of the class and/or subclasses as additional facts are discovered.  Plaintiff will define a class definition at such time when Plaintiff seeks class certification.

32.    This action has been brought and may properly be maintained as a class action under Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is

**PLAINTIFF'S CLASS ACTION COMPLAINT**

easily ascertainable:

a.  <u>Numerosity</u>: The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. Defendant regularly conducts background checks on prospective and existing employees.  Plaintiff believes that hundreds of Defendant's employees or prospective employees satisfy the definition of the Putative Class.

b.  <u>Commonality</u>: There are questions of law and fact common to the Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include without limitation:

i.    Whether Defendant provides employees and prospective employees with a clear and conspicuous disclosure in writing in a document that consists **<u>solely</u>** of the disclosure that a consumer report may be obtained for employment purposes before procuring (or causing to be procured) a consumer report;

ii.    Whether Defendant uses consumer reports to conduct background checks on employees and prospective employees;

iii.    Whether it is Defendant's standard procedure to provide applicants and employees reasonable opportunity to obtain copies of their consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

iv.    Whether it is Defendant's standard procedure to provide applicants and employees with copies of their consumer report, investigative consumer report, and/or credit report in a timely matter in compliance with the statutory mandates;

v.    Whether Defendant's failures to comply with the FCRA, ICRAA, or CCRAA were willful or grossly negligent;

**PLAINTIFF'S CLASS ACTION COMPLAINT**

vi.  Whether Defendant's conduct described herein constitutes a violation of the UCL; and

vii. The appropriate amount of statutory damages, attorneys' fees, and costs resulting from Defendant's violations of federal and California law.

c.  <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class.  Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.  The FCRA violations suffered by the Plaintiff are typical as Defendant treated all employees and prospective employees with its standard policies and practices.

d.  <u>Adequacy Of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class members. Counsel for Plaintiff is competent and experienced in litigating complex employment and consumer class actions.

e.  <u>Superiority Of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action since the unlawful conduct at issue is the same with respect to all Class members.

33.    The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other class members not parties to such adjudication or that would substantially impair or impede the ability of such non-party class members to protect their interests.

-12-

34.    The prosecution of individual actions by Class members could establish inconsistent standards of conduct for Defendant.

35.    Defendant has acted, or refused to act, in respects generally applicable to the Class as a whole, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the class as a whole, as requested herein.  Likewise, Defendant's conduct as described above is unlawful, continuing, and capable of repetition and will continue unless restrained and enjoined by the Court.

## FIRST CLAIM

### VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681b(b)(2)(A)(i)
### BY PLAINTIFF AND THE FCRA CLASS AGAINST DEFENDANT

36.    Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

37.    Defendant is a "person" as defined by § 1681a(b) of the FCRA.

38.    Plaintiff and the other Class members are consumers within the meaning § 1681a(c) of the FCRA, because they are "individuals."

39.    Defendant have a policy and practice of failing to provide adequate written disclosure to applicants and employees before procuring consumer reports or causing consumer reports to be procured.  Pursuant to that policy and practice, Defendant procured consumer reports or caused consumer reports to be procured for Plaintiff and Class members without first providing a written disclosure in compliance with § 1681b(b)(2)(A) of the FCRA.

40.    Defendant violated the FCRA by procuring (or causing to be procured) consumer reports for employment purposes without first providing Plaintiff and the other Class members with a clear and conspicuous disclosure in writing in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

-13-

41.     The foregoing violations were willful. Defendant knew or should have known about its obligations under the FCRA.  These obligations are well established in the (i) plan language of the FCRA, (ii) in the promulgations of the Federal Trade Commission, and (iii) in well-established case law.

42.     Defendant acted in deliberate and reckless disregard of its obligations to the rights of Plaintiff and other class members under 15 U.S.C. § 1681b(b)(2)(A)(i).

43.     Defendant's willful conduct is reflected by, *inter alia*, the following facts:

a.  Defendant is a large corporation with access to the legal advice through its own general counsel's office and outside employment counsel;

b.  The plain language of the statute unambiguously indicates that inclusion of extraneous or unclear information in a disclosure form violates the disclosure requirements;

c.  The Consumer Reporting Agency that provided Plaintiff's consumer report information to Defendant, a-Check Global, is an established background check provider;

d.  Defendant knew or had reason to know that its conduct was inconsistent with the FTC guidance and case law interpreting the FCRA and the plain language of the statute; and

e.  Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that it was merely careless.

44.     As a result of Defendant's illegal procurement of consumer reports by way of its inadequate disclosures, as set forth above, Plaintiff and Class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

45.     Plaintiff and the Class members are entitled to statutory damages of

-14-

not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n.

46.    Plaintiff and the Class members are also entitled to recover their costs and attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CLAIM

## VIOLATIONS OF THE ICRAA, CAL. CIVIL CODE § 1786.16(A)(2) BY PLAINTIFF AND THE ICRAA SUBCLASS AGAINST DEFENDANT

47.    Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

48.    Defendant is a "person" as defined by Cal. Civ. Code Section 1786.2(a).

49.    Plaintiff and Class members are "consumers" within the meaning Cal. Civ. Code Section 1786.2(b), because they are natural individuals who have made application to a person for employment purposes.

50.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

51.    Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

**PLAINTIFF'S CLASS ACTION COMPLAINT**

52.    Section 1786.16(a)(2) provides, in relevant part:  "If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct . . ., the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply: . . .  (B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure."  (Emphasis added.)

53.    Defendant violated Section 1786.16(a)(2) of the ICRAA by failing to provide Plaintiff and Class members with a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure.

54.    Section 1786.16(b)(1) provides, in relevant part:

Any person described in subdivision (d) of Section 1786.12 who requests an investigative consumer report, in accordance with subdivision (a) regarding that consumer, shall do the following:

(1) ***Provide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared***. If the consumer wishes to receive a copy of the report, the recipient of the report shall send a copy of the report to the consumer within three business days of the date that the report is provided to the recipient, who may contract with any other entity to send a copy to the consumer. The notice to request the report may be contained on either the disclosure form, as required by subdivision (a), or a separate consent form. The copy of the report shall contain the name, address, and telephone number of the person who issued the report and how to contact them.

(Emphasis added.)

55.    Defendant violated Section 1786.16(b)(1) by failing to provide to Plaintiff and Class members a written form, by means of a box to check, to

-16-

**PLAINTIFF'S CLASS ACTION COMPLAINT**

indicate their desire to receive a copy of their investigative consumer report requested by Defendant.

56. Defendant's violations of the ICRAA including, but not limited to Section 1786.16(b)(1) was willful or grossly negligent conduct as reflected by, among other things, the facts set forth above.

57. As a result of Defendant's willful or grossly negligent failure to provide the required form as set forth above, Plaintiff and Class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA, among other injuries

58. Plaintiff, on behalf of himself and the ICRAA Subclass Members, seeks all available remedies pursuant to Cal. Civ. Code Section 1786.50 including actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

## **THIRD CLAIM**

### **VIOLATIONS OF THE CCRAA, CAL. CIVIL CODE § 1785.20.5(a) BY PLAINTIFF AND THE CCRAA SUBCLASS AGAINST DEFENDANT**

59. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

60. Defendant is a "person" as defined by Cal. Civ. Code Section 1785.3(j).

61. Plaintiff and Class members are consumers within the meaning of Cal. Civ. Code Section 1785.3(b), because they are "natural individuals."

62. Section 1785.3(c) of the CCRAA defines "consumer credit report" as any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the

-17-

consumer's eligibility for employment purposes.

63.    Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as: "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes."

64.    Section 1785.3(f) of the CCRAA defines "employment purposes," when used in connection with a consumer credit report, as "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee."

65.    Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice that: (a) identifies the specific basis under Section 1024.5(a) of the Labor Code for use of the report; (b) informs the person of the source of the report; and (c) contains a box that the person may check off to receive a copy of the credit report. The employer must provide the report to the applicant or employee contemporaneously and at no charge.

66.    Defendant willfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and Class members, because they failed to provide written notice to Plaintiff and Class members that references a specific basis for the report under Cal. Labor Code Section 1024.5 and failed include a check box that would allow Plaintiff and Class members to opt to receive a copy of their consumer credit report.

67.    As a result of Defendant's willful conduct as set forth above, Plaintiff and Class members have been injured including, but not limited to,

-18-

**PLAINTIFF'S CLASS ACTION COMPLAINT**

having their privacy and statutory rights invaded in violation of the CCRAA, among other injuries.

68.    Plaintiff, on behalf of himself and the CCRAA Subclass Members, seeks all available remedies pursuant to Cal. Civ. Code Sections 1785.31 including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

69.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code Section 1785.31.

## FOURTH CLAIM

### VIOLATIONS OF THE UCL, BUSINESS & PROFESSIONS CODE SECTION 17200 ET SEQ.

### BY PLAINTIFF AND THE UCL SUBCLASS AGAINST DEFENDANT

70.    Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

71.    California's Unfair Competition Law ("UCL"), California Business & Professions Code Section 17200 et seq., protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.  The UCL prohibits any unlawful, unfair, or fraudulent business act or practice.  A business practice need only meet one of the three criteria to be considered unfair competition. An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

72.    As described above, Defendant have violated the "unlawful" prong of the UCL in that Defendant's conduct violated numerous provisions of the FCRA, ICRAA, and CCRAA.

73.    Defendant have violated the "unfair" prong of the UCL in that they

-19-

gained an unfair business advantage by failing to comply with state and federal
mandates in conducting background checks and otherwise take the necessary
steps to adhere to the FCRA, ICRAA, and CCRAA.

74.     Further, any utility for Defendant's conduct is outweighed by the
gravity of the consequences to Plaintiff and Class members and because the
conduct offends public policy.

75.     As a result of Defendant's conduct described herein and its willful
violations of California Business & Professions Code Section 17203, Plaintiff and
the Class have lost money and suffered harm as described herein.

76.     Pursuant to California Business & Professions Code Section 17203,
Plaintiff seeks an order enjoining Defendant from continuing to engage in the
unfair and unlawful conduct described herein.  Plaintiff seeks an order (a)
requiring Defendant to cease the unfair and unlawful practices described herein;
and (b) awarding reasonable costs and attorneys' fees pursuant to California Code
of Civil Procedure Section 1021.5.

## **REQUEST FOR JURY TRIAL**

77.     Plaintiff requests a trial by jury of all issues which may be tried by a
jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

-20-

**PLAINTIFF'S CLASS ACTION COMPLAINT**

## **PRAYER FOR RELIEF**

78.    WHEREFORE, Plaintiff requests the following relief:

a. An order certifying the proposed class and subclasses, designating Plaintiff as named representative of the classes and subclasses, and designating the undersigned as Class Counsel;

b. A Declaration that Defendant's practices violate the FCRA, ICRAA, CCRAA, and UCL;

c. An award of statutory, compensatory, special, general, and  punitive damages according to proof against Defendant;

d. An award of appropriate equitable relief, including but not limited to an injunction forbidding Defendant from engaging in further unlawful conduct in violation of the FCRA, ICRAA, CCRAA, and UCL;

e. An award of attorneys' fees and costs, as allowed by law, including an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n, 15 U.S.C. 1681o, California Civil Code, §§ 1786.50 and 1785.31(a), Code of Civil Procedure § 1021.5; and

f. Such other and further relief as this Court may deem appropriate.


Dated: January 11, 2022                      Respectfully submitted,
                                             AZADIAN LAW GROUP, PC


                                             By: /s/ George S. Azadian
                                             GEORGE S. AZADIAN
                                             Attorneys for Plaintiff,
                                             JOSHUA MYRA and the Proposed
                                             Classes

**PLAINTIFF'S CLASS ACTION COMPLAINT**